Judge Lattimore, in Baker v. State, 132 Tex.Cr.R. 527, 106 S.W.2d 308, 309, 311, made careful study of the question here presented. We quote from the opinion of the Court:

"From what we have said above, and as far as we have been able to ascertain, our courts have uniformly held that when the Legislature sees fit to .. create exceptions to the general penal provisions of a statute if such exceptions be placed in a separate section or article from the one containing the definition of the offense, or if they be not such as to be essential to the definition of the offense, it will not be necessary to negative such exceptions in the indictment charging such offense. * *

\* \* \* \* \* \*

"If, however, the exception be of such form and character as that a prima facie case could be made out against the accused for the violation charged, without proof of the omission or exception, then clearly the Legislature might by enactment have placed such exception in a separate article or section and there is no need for their negation."

. This rule, we think, disposes of the question raised by the motion.

Finding no reversible error, the judgment of the trial court is affirmed.

## NEAL v. STATE.

No. 26590.

Court of Criminal Appeals of Texas.

Nov. 11, 1953.

William H. Scott, Criminal Dist. Atty., King C. Haynie, Asst. Dist. Atty., Houston, Wesley Dice, State's Atty., of Austin, for the State.

MORRISON, Judge.

The offense is the unlawful possession of policy paraphernalia; the punishment, 30 days in jail and a fine of $200.

844

The record is before us without a statement of facts or bills of exception.

All the proceedings appearing regular and nothing being presented for our review, the judgment of the trial court is affirmed.